# IN THE COURT OF APPEALS OF IOWA

No. 22-0130
Filed February 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**QUINTON MARCELLOUS MICKEY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Quinton Mickey appeals the sentences imposed for his convictions of second-degree burglary and domestic abuse assault causing bodily injury, second offense. **APPEAL DISMISSED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

Quinton Marcellous Mickey pled guilty to second-degree burglary and domestic abuse assault causing bodily injury, second offense. The district court sentenced him to prison terms not exceeding ten years on the burglary count and two years on the domestic-abuse count, to be served concurrently.

On appeal, Mickey contends he "had the expectation that something less than a maximum amount of incarceration would at least be considered." Mickey is faced with a procedural hurdle to consideration of his appeal.

A defendant does not have a right of appeal from "[a] final judgment of sentence" where "the defendant has pled guilty" to a crime other than a class "A" felony and has not established good cause. *See* Iowa Code § 814.6(1)(a)(3) (2022). "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea" and the sentence imposed "was neither mandatory nor agreed to as part of [the] plea bargain." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020); *State v. Jenkins*, No. 21-1828, 2022 WL 16630805, at *3 (Iowa Ct. App. Nov. 2, 2022) (concluding court was "without jurisdiction to hear the appeal" where "no one dispute[d] that the sentence imposed was the same as that agreed upon by the parties"); *see also State v. McCarroll*, No. 20-0641, 2021 WL 4592616, at *2 (Iowa Ct. App. Oct. 6, 2021) (concluding the court "lack[ed] authority to decide [the defendant's] claims" in light of the defendant's concession that "sentence imposed was the sentence agreed upon by the parties.").

Mickey's prison sentence was part of the plea bargain. The prosecutor described the offer as a plea to "[b]urglary [s]econd [d]egree for a period of ten

years" and "[a]ssault [d]omestic [s]econd for a period of two years," with the sentences running "concurrent with one another for a period of ten years." Mickey agreed to the offer, and his attorney characterized it as "acceptable." Defense counsel further conveyed Mickey's wish to be sentenced immediately. The district court accepted the agreement, advised Mickey of the penalties, and confirmed its decision "to be bound by the agreement." Because the prison sentence was an agreed component of the plea bargain, we lack authority to decide Mickey's challenge to that sentence. The appeal is dismissed.

**APPEAL DISMISSED.**